**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH HARVEY FONTAINE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JOSEPH W. MOSS,<br><br>　　　　Respondent. | Case No. CV 15-0728 SS<br><br>**MEMORANDUM DECISION AND ORDER DENYING HABEAS CORPUS PETITION** |

**I.**

**INTRODUCTION**

Effective December 31, 2014,[1] Joseph Harvey Fontaine ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the

---

[1] "When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, [pursuant to the mailbox rule,] the court deems the petition constructively 'filed' on the date it is signed[,]" Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Houston v. Lack, 487 U.S. 266, 276 (1988), which in this case was December 31, 2014.

Southern District of California, which transferred the Petition to this Court on January 30, 2015. (Dkt. Nos. 1, 3-4).

On April 20, 2015, Respondent filed a Motion to Dismiss ("Motion") the Petition and lodged portions of the record from Petitioner's state court proceedings.[2] (Dkt. Nos. 11-12). On March 28, 2016, the Court denied the Motion without prejudice and required Respondent to lodge additional state court documents. (Dkt. No. 20).

On April 21, 2016, Respondent filed a Renewed Motion to Dismiss Petition for Writ of Habeas Corpus ("Renewed Motion") with an accompanying Memorandum of Points and Authorities ("Mot. Mem."). (Dkt. No. 21). Respondent also lodged additional portions of the record from Petitioner's state court proceedings, including a one-volume copy of the Clerk's Transcript ("CT") and a three-volume copy of the Reporter's Transcript ("RT") from Petitioner's trial. (Dkt. No. 22). Petitioner has not filed an Opposition to the Renewed Motion despite being given additional time to file his Opposition. (See Dkt. No. 23). For the reasons discussed below, the Court GRANTS the Motion and DISMISSES this action with prejudice.[3]

---

[2] Pursuant to Fed. R. Evid. 25(d), Joseph W. Moss is substituted as the Respondent in this action. (See Renewed Motion to Dismiss Petition for Writ of Habeas Corpus at 1).

[3] The parties have consented to proceed before a Magistrate Judge. (See Dkt. Nos. 1, 10, 17).

2

## II.

## PRIOR PROCEEDINGS

On October 3, 2012, a Los Angeles County Superior Court jury convicted Petitioner of one count of corporal injury to the mother of his child in violation of California Penal Code ("P.C.") § 273.5(a) (count 1), and Petitioner admitted he had suffered a prior "strike" conviction within the meaning of P.C. §§ 667(b-i) and 1170.12(a-d), had sustained a prior serious felony within the meaning of P.C. § 667(a)(1), and had served four prior prison terms within the meaning of P.C. § 667.5(b).[4]  (CT 91, 94-95; RT 1228-30, 1235-37).  On October 24, 2012, the trial court sentenced Petitioner to ten years in state prison.  (CT 111-12, 115; RT 1511-12).

Petitioner appealed his convictions and sentence to the California Court of Appeal (Second Appellate District, Div. 3), which affirmed the judgment in an unpublished opinion filed on March 19, 2014.  (Lodgments 2, 7-9).  Petitioner did not file a petition for review in the California Supreme Court.  (Petition at 2).

Effective June 18, 2014, Petitioner filed a habeas corpus petition in the California Supreme Court, which denied the petition on September 24, 2014, with citation to People v. Duvall, 9 Cal.

---

[4] The jury found Petitioner not guilty of dissuading a witness from reporting a crime in violation of P.C. § 136.1(b)(1) (count 2), and criminal threats in violation of P.C. § 422 (count 3).  (CT 92-93, 96).

4th 464, 474 (1949), In re Waltreus, 62 Cal. 2d 218, 225 (1965), In re Swain, 34 Cal. 2d 300, 304 (1949), and In re Lindley, 29 Cal. 2d 709, 723 (1947). (Lodgment 3; Petition at 56).

## III.

## FACTUAL BACKGROUND

The following facts, taken from the California Court of Appeal's written decision on direct review, have not been rebutted with clear and convincing evidence and must, therefore, be presumed correct. 28 U.S.C. § 2254(e)(1); Slovik v. Yates, 556 F.3d 747, 749 n.1 (9th Cir. 2009).

1. Prosecution Evidence

>   Nicole D., [Petitioner's] girlfriend and mother of his daughter, was pregnant with their second child. Since [Petitioner's] release from custody in December 2011, he had been living with Nicole and their daughter in his mother Linda's house along with Linda's partner, Patricia Jam. [Petitioner] has a long history of methamphetamine abuse and mental illness.
>
>   On June 4, 2012, [Petitioner] had been away from the house for four days. When he returned, Nicole happened to be on the phone talking to Linda about [Petitioner's] absence. [Petitioner] ran into the bedroom, grabbed Nicole around the neck and struggled

with her for the telephone. During the struggle [Petitioner] hit Nicole in the face.

Nicole had some redness around her neck where [Petitioner] grabbed her, and some redness and painful swelling on her cheek where she was hit. Jam testified she saw a red mark on Nicole's jaw or cheek, a red mark on her neck, and a thumbprint on the side of her neck. One of the responding officers, Los Angeles County Sheriff's Deputy Megan Behounek, saw some redness on Nicole's neck and face, and thought the right side of Nicole's face seemed swollen. Behounek took photographs and made a video recording of Nicole's injuries.

Defense Evidence

[Petitioner] testified that on June 3 he returned to the house at 11:30 p.m. after having smoked methamphetamine. Linda would not let him inside, because she was enforcing an 8:30 p.m. curfew, so [Petitioner] spent the night on a bench in the front yard.

The next morning, [Petitioner] was allowed into the house when Linda and Jam got up for work. He plugged in his cell phone and went to sleep. When he awoke he discovered Nicole using the phone. Because she ignored him when he asked for it, he grabbed her neck and snatched

5

```
 1            the phone away from her.  However, he did not hit her
 2            and he never saw any injuries on her.
 3
 4  (Lodgment 2 at 2-3 (footnotes omitted)).
```

## IV.

## PETITIONER'S CLAIMS

The Petition raises three grounds for federal habeas relief. In Ground One, Petitioner contends he was denied due process of law because there was insufficient evidence to support his conviction for inflicting corporal injury on the mother of his child. (Petition at 6-30). In Ground Two, Petitioner alleges he was denied due process of law because Nicole D., the victim and key witness against him, perjured herself. (Id. at 31-53). In Ground Three, Petitioner asserts he received ineffective assistance of counsel when his defense counsel: (a) failed to investigate and properly prepare for trial; (b) allowed substitute counsel to sit-in for her and represent Petitioner at his preliminary hearing; (c) failed to object to the prosecution's presentation of the victim's perjured testimony; and (d) failed to request a stay of proceedings during trial to investigate and address recently discovered evidence of possible "out-of-court relations" between the prosecutor and a Los Angeles County Sheriff's Deputy who was a witness in the case. (Id. at 54).

**V.**

**DISCUSSION**

A. <u>Petitioner Has Procedurally Defaulted Ground One</u>

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991); <u>Walker v. Martin</u>, 562 U.S. 307, 315 (2011). The procedural default doctrine, which is a specific application of the general adequate and independent state grounds doctrine, <u>Fields v. Calderon</u>, 125 F.3d 757, 761-62 (9th Cir. 1997), "bar[s] federal habeas [review] when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." <u>Coleman</u>, 501 U.S. at 729-30; <u>Hanson v. Mahoney</u>, 433 F.3d 1107, 1113 (9th Cir. 2006). To constitute a procedural bar, the state's rule had to be independent and adequate at the time Petitioner purportedly failed to comply with it. <u>Fields</u>, 125 F.3d at 760. A state procedural rule is considered an independent bar if it is not interwoven with federal law or dependent upon a federal constitutional ruling. <u>Ake v. Oklahoma</u>, 470 U.S. 68, 75 (1985); <u>Michigan v. Long</u>, 463 U.S. 1032, 1040-41 (1983). A state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time the state court applied it. <u>Ford v. Georgia</u>, 498 U.S. 411, 423-24 (1991); <u>King v. Lamarque</u>, 464 F.3d 963, 965 (9th Cir. 2006).

7

Procedural default is an affirmative defense, Gray v. Netherland, 518 U.S. 152, 165-66 (1996); Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005), "and the state has the burden of showing that the default constitutes an adequate and independent ground." Insyxiengmay, 403 F.3d at 665-66; Bennett v. Mueller, 322 F.3d 573, 585 (9th Cir. 2003). However, "[o]nce the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner." Bennett, 322 F.3d at 586; King, 464 F.3d at 966-67. "The petitioner 'may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule.'" King, 464 F.3d at 967 (quoting Bennett, 322 F.3d at 586). "Once a petitioner has demonstrated the inadequacy of a rule, the state bears the ultimate burden of proving the rule bars federal review." Collier v. Bayer, 408 F.3d 1279, 1284 (9th Cir. 2005); King, 464 F.3d at 967.

Respondent raises the affirmative defense that Ground One is procedurally defaulted. (Mot. Mem. at 10-15). The Court looks to the decision of the last state court to which Petitioner presented his claims to determine if the state court decision rested on an "independent and adequate state ground." Coleman, 501 U.S. at 730; see also Nitschke v. Belleque, 680 F.3d 1105, 1109 (9th Cir. 2012) (Under "the doctrine of procedural default, . . . a federal court is barred from hearing the claims of a state prisoner in a habeas corpus proceeding when the decision of the last state court to

8

which the prisoner presented his federal claims rested on an 'independent and adequate state ground.'" (citation omitted)). Here, Petitioner raised Ground One in a habeas corpus petition to the California Supreme Court, which denied the petition with citation to several cases, including In re Lindley, 29 Cal. 2d 709, 723 (1947). (Petition at 56). A citation to Lindley "stands for the California rule that a claim of insufficiency of evidence can only be considered on direct appeal, not in habeas proceedings." Carter v. Giurbino, 385 F.3d 1194, 1196 (9th Cir. 2004); see also Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) (Lindley "holds that the sufficiency of the evidence will not be reviewed on habeas[.]"). The Lindley rule is an adequate and independent state procedural ground.⁵ Carter, 385 F.3d at 1197-98; see also Warren v. Adams, 444 Fed. App'x 204, 206 (9th Cir. 2011) ("We have recognized that a citation to Lindley, fairly read, stands for the firmly established procedural rule that a claim of insufficiency of the evidence must be brought on direct appeal — not in habeas proceedings. In addition, we have held that the Lindley rule constitutes an independent and adequate state ground to support a judgment." (citation omitted)).

---

⁵ The California Supreme Court's citation to multiple cases does not render its Order ambiguous. Cf. Valerio v. Crawford, 306 F.3d 742, 774-75 (9th Cir. 2002) (en banc) (A "procedural default based on an ambiguous order that does not clearly rest on independent and adequate state grounds is not sufficient to preclude federal collateral review." (citation and internal quotation marks omitted)). Petitioner raised only one sufficiency of the evidence claim – Ground One – before the California Supreme Court, and the Lindley citation clearly relates to that claim. Warren v. Adams, 444 Fed. App'x 204, 206 (9th Cir. 2011); see also Nero v. Vazquez, 2014 WL 1289723, *4 n.3 (C.D. Cal. 2014) ("[T]he Court is able to ascertain that the Lindley bar clearly applies to Ground Five — the only claim raising insufficiency of the evidence. . . .").

9

Because Respondent has adequately pled the affirmative defense of procedural bar, the burden now shifts to Petitioner to place the affirmative defense in issue. King, 464 F.3d at 966-67; Bennett, 322 F.3d at 586. "In most circumstances, the best method for petitioners to place the defense in issue is to assert 'specific factual allegations that demonstrate the inadequacy of the state procedure' by citing relevant cases." King, 464 F.3d at 967 (quoting Bennett, 322 F.3d at 586). Petitioner has not done this. Thus, Petitioner has not met his burden, Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998), and he has procedurally defaulted Ground One.[6] Cunningham v. Wong, 704 F.3d 1143, 1155 (9th Cir 2013); Carter, 385 F.3d at 1198.

When a habeas petitioner "has defaulted his federal claim[] in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim[] is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at

---

[6] In addition to Lindley, the California Supreme Court also denied Petitioner's state habeas petition with citation to, inter alia, In re Waltreus, 62 Cal. 2d 218, 225 (1965). Waltreus "holds that issues actually raised and rejected on appeal cannot be raised anew in a state petition for writ of habeas corpus." Carter, 385 F.3d at 1198; Hill v. Roe, 321 F.3d 787, 789 (9th Cir. 2003). Here, Ground One was the only claim raised on direct appeal. (See Lodgments 2, 6). Accordingly, the Court agrees with Respondent that the Waltreus citation applies to Ground One. (See Mot. Mem. at 11-13). However, because the Court has already determined that the California Supreme Court's Lindley citation bars Ground One, it is unnecessary to consider Respondent's contention that Waltreus also bars Ground One. (See id.).

750; Medley v. Runnels, 506 F.3d 857, 869 (9th Cir. 2007) (en banc). "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him, . . . impeded his efforts to comply with the State's procedural rule." Maples v. Thomas, 132 S. Ct. 912, 922 (2012) (citation, internal quotation marks and brackets omitted; italics in original); Coleman, 501 U.S. at 753. "A habeas petitioner demonstrates prejudice by establishing that the constitutional errors 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Schneider v. McDaniel, 674 F.3d 1144, 1153 (9th Cir. 2012) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)); Sexton v. Cozner, 679 F.3d 1150, 1158 (9th Cir. 2012). Petitioner has the burden of proving both cause and prejudice. Bousley v. United States, 523 U.S. 614, 622 (1998); Coleman, 501 U.S. at 750. Finally, to qualify for the "fundamental miscarriage of justice" exception to the procedural default rule, Petitioner must "show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)); Wood v. Ryan, 693 F.3d 1104, 1117 (9th Cir. 2012). Petitioner has not attempted to meet these standards. As such, Ground One is procedurally barred.

\\
\\
\\

**B.  Grounds Two And Three Are Unexhausted and Meritless**

Respondent contends Grounds Two and Three are unexhausted and must be dismissed. (Mot. Mem. at 2-10). The Court agrees that these claims are unexhausted.[7] The Court has also reviewed Grounds Two and Three de novo, see Scott v. Ryan, 686 F.3d 1130, 1133 (9th Cir. 2013) ("Where, as here, there is no state court decision on the merits, the district court reviews the merits de novo."); Lewis v. Mayle, 391 F.3d 989, 996 (9th Cir. 2004) ("De novo review, rather than AEDPA's deferential standard, is applicable to a claim that the state court did not reach on the merits."), and determined they must be dismissed as meritless. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Cassett v.

---

[7] Ground Three(c) is unexhausted because Petitioner did not raise it in his habeas corpus petition to the California Supreme Court. (See Lodgment 3); see also Pappageorge v. Sumner, 688 F.2d 1294, 1294 (9th Cir. 1982) (ineffective assistance of counsel claim not raised in state court was unexhausted). Petitioner raised Grounds Two, Three(a-b), and Three(d) in his habeas corpus petition to the California Supreme Court. (Lodgment 7). However, the California Supreme Court denied these claims with citation to People v. Duvall, 9 Cal. 4th 464, 474 (1949) and In re Swain, 34 Cal. 2d 300, 304 (1949), signifying the claims were dismissed with leave to amend because they had not been pled with sufficient particularity. See Curiel v. Miller, 830 F.3d 864, 869 (9th Cir. 2016) (en banc) ("We understand the California Supreme Court's denial of a habeas petition with citations to Swain and Duvall in conjunction as, 'in effect, the grant of a demurrer, i.e., a holding that [the petitioner] ha[s] not pled facts with sufficient particularity.'" (citations omitted)); Seeboth v. Allenby, 789 F.3d 1099, 1104 n.3 (9th Cir. 2015) ("[C]itation to Duvall and Swain together constitutes 'dismissal without prejudice, with leave to amend to plead required facts with particularity.'"), cert. denied, 136 S. Ct. 1168 (2016).

12

Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.").

### 1. Petitioner's Perjured Testimony Claim Is Meritless

In Ground Two, Petitioner alleges he was denied due process of law because the prosecution's key witness – victim Nicole D. – perjured herself. (Petition at 31-53). More particularly, Petitioner alleges Nicole D. testified under oath that she lied about the incident that led to Petitioner's arrest because she and Petitioner's family had been trying to get Petitioner help for his drug abuse. (Id.).

A "conviction obtained by the [prosecutor's] knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976) (footnotes omitted); see also Giglio v. United States, 405 U.S. 150, 153 (1972) ("[D]eliberate deception of a court and jurors by the presentation of known false evidence is incompatible with 'rudimentary demands of justice.'"); Miller v. Pate, 386 U.S. 1, 7 (1967) ("[T]he Fourteenth Amendment cannot tolerate a state criminal conviction obtained by the knowing use of false evidence."); Napue v. Illinois, 360 U.S. 264, 269 (1959) ("[I]t is established that a conviction obtained through use of false evidence, known to be such by representatives of the State,

13

1 must fall under the Fourteenth Amendment[.]"). Moreover, "[a] prosecutor . . . has a constitutional duty to correct evidence he or she knows is false, even if it was not intentionally submitted." Mancuso v. Olivarez, 292 F.3d 939, 957 (9th Cir. 2002); Napue, 360 U.S. at 269; Hayes v. Brown, 399 F.3d 972, 978 (9th Cir. 2005) (en banc). "To prevail on a [false evidence] claim, 'the petitioner must show that (1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony [or evidence] was actually false, and (3) that the false testimony [or evidence] was material.'" Hein v. Sullivan, 601 F.3d 897, 908 (9th Cir. 2010); Napue, 360 U.S. at 269.

Petitioner cannot meet this standard. Petitioner has not shown Nicole D. testified falsely at trial. Instead, Petitioner relies on Nicole D.'s trial testimony to highlight inconsistencies between her trial testimony and statements she previously made to the police and at the preliminary hearing. (See Petition at 33-53). For instance, while Nicole D. acknowledged she told police that Petitioner grabbed her around the neck and punched her in the face, her trial testimony was less certain as to whether it was Petitioner's fist or her phone that struck her in the face after Petitioner lunged at her and grabbed her around the neck.[8] (RT

---

[8] Nicole D. testified that on June 4, 2012, she had an altercation with Petitioner, who she described as a bipolar schizophrenic who was self-medicating with methamphetamine. (RT 615-19, 662, 670). Nicole D. stated she was on the phone to Petitioner's mother when Petitioner, who had been gone for four days, returned home, ran into her bedroom looking crazed and started jumping up and down. (RT 617-21). Petitioner then lurched toward Nicole and grabbed her around the neck, after which either Petitioner or the phone she was holding struck her in the face. (RT 621-28).

14

619-28, 633-34, 655, 676-77, 690). Nicole D. also testified she was afraid Petitioner was going to kill her during their altercation, but he did not say he was going to kill her, which she acknowledged was contrary to statements she made to the police and at the preliminary hearing.[9] (RT 628-30, 636-37, 681-84). However, "[t]he fact that a witness may have made an earlier inconsistent statement . . . does not establish that the testimony offered at trial was false."[10] United States v. Croft, 124 F.3d 1109, 1119 (9th Cir. 1997); see also United States v. Bingham, 653 F.3d 983, 995 (9th Cir. 2011) ("Bingham points to nothing in the record that shows the intentional use of perjured testimony. Certainly Miller made inconsistent statements, but that is not enough for a Napue violation." (citations omitted)); United States v. Necoechea, 986 F.2d 1273, 1281 (9th Cir. 1993) (no prosecutorial misconduct when, "[a]t most, the prosecutor presented contradictory testimony").

Furthermore, Petitioner has pointed to "nothing in the record that shows the intentional use of perjured testimony." Bingham,

---

[9] Nicole D. testified at the preliminary hearing that Petitioner told her "Keep it up and you're gonna die." (CT 9). The jury also saw a video in which Nicole D. told a Sheriff's Deputy that Petitioner "came in. He grabbed me by my throat. He threw me down. Then, he socked me in my face. And, he told me that if he is going to jail, he is going to kill me." (CT 64; RT 634-36).

[10] That Nicole D. might have tried to minimize Petitioner's culpability at trial is unsurprising. "Victims of [domestic] violence often are protective of, and deny allegations against, their abusers." United States v. Carthen, 681 F.3d 94, 103 (2d Cir. 2012); see also Johnson v. Hedgpeth, 2010 WL 1848165, *5 (C.D. Cal.) ("[I]t is far from uncommon that a victim of domestic abuse recants her testimony in order to protect her abuser from the consequences of his actions."), report and recommendation adopted by, 2010 WL 1854454 (C.D. Cal. 2010).

15

653 F.3d at 995; see also United States v. Williams, 547 F.3d 1187, 1202 n.13 (9th Cir. 2008) ("Although there were inconsistencies in Penate's testimony, there was no evidence that the government knowingly presented false testimony. The inconsistencies in Penate's testimony were argued to the jury as the finder of fact." (citation omitted)); Mancuso, 292 F.3d at 957 (rejecting false evidence claim when there was "no evidence in this case that the prosecutor presented false testimony"); United States v. Sherlock, 962 F.2d 1349, 1364 (9th Cir. 1992) (rejecting prosecutorial misconduct claim when "[t]he record does not show . . . the prosecutor used false testimony"). Accordingly, Ground Two is clearly without merit because Petitioner has "failed to show that [Nicole D.'s] testimony was 'actually false' or that the government knowingly presented false testimony." United States v. Houston, 648 F.3d 806, 814 (9th Cir. 2011); see also Allen v. Woodford, 395 F.3d 979, 995 (9th Cir. 2004) (rejecting perjured testimony claim when the petitioner "fail[ed] to establish either that [the witness'] testimony was false or that the State had any reason to believe it was false.").

**2. Petitioner's Ineffective Assistance Of Counsel Claims Are Meritless**

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel." Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (per curiam); see also Missouri v. Frye, 132 S. Ct. 1399, 1404 (2012) ("The right to counsel is the right to effective assistance of counsel."). To succeed on an ineffective assistance

16

of trial counsel claim, Petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). "'To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" Harrington v. Richter, 562 U.S. 86, 104 (2011) (citation omitted); Premo v. Moore, 562 U.S. 115, 121 (2011). Prejudice "focuses on the question whether counsel's deficient performance renders the results of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993); Williams v. Taylor, 529 U.S. 362, 393 n.17 (2000). That is, Petitioner must establish there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" Strickland, 466 U.S. at 694, and "[t]he likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 112; Cullen v. Pinholster, 563 U.S. 170, 189 (2011). Petitioner bears the burden of establishing both components. Williams, 529 U.S. at 390-91; Strickland, 466 U.S. at 687. However, the Court need not determine whether counsel's performance was deficient before examining the prejudice the alleged deficiencies caused Petitioner. See Smith v. Robbins, 528 U.S. 259, 286 n.14 (2000) ("'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.'" (quoting Strickland, 466 U.S. at 697)).

In Ground Three(a), Petitioner complains his defense counsel failed to investigate or prepare for trial. (Petition at 54). While defense counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary[,]" Strickland, 466 U.S. at 691; Wiggins v. Smith, 539 U.S. 510, 521 (2003), Petitioner does not explain what defense counsel failed to do or how he would have benefitted from further investigation. Accordingly, Petitioner's "cursory and vague claim cannot support habeas relief." Greenway v. Schriro, 653 F.3d 790, 804 (9th Cir. 2011); see also Sandgathe v. Maass, 314 F.3d 371, 379 (9th Cir. 2002) (affirming denial of ineffective assistance of counsel claim when petitioner presented no evidence in support of claim); Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) (The petitioner's "conclusory suggestions that his trial . . . counsel provided ineffective assistance fall[s] far short of stating a valid claim of constitutional violation.").

In Ground Three(b), Petitioner asserts that he was denied the effective assistance of counsel when the public defender who represented him at trial, Denise Fujita, did not attend his preliminary hearing, but instead sent another public defender, Cornell Mimms, in her stead, and Mimms allegedly did not properly familiarize himself with Petitioner's case or challenge "crucial parts" of Nicole D.'s preliminary hearing testimony.[11] (Petition

---

[11] Among other deficiencies, there is no apparent factual basis for this claim because the record indicates that Mimms represented Petitioner at his preliminary hearing on June 18, 2012, and arraignment on July 2, 2012, and it was not until Petitioner's pretrial conference on August 2, 2012, that Fujita first represented Petitioner. (CT 1-29, 35, 37); see Dows v. Wood, 211

18

at 54; see also CT 3-29). This claim fails because it is vague and conclusory, Greenway, 653 F.3d at 804; Jones, 66 F.3d at 205, and Petitioner has not shown he was in any manner prejudiced by Mimms's appearance at the preliminary hearing. Strickland, 466 U.S. at 694; see also Miranda v. Horel, 2009 WL 2578920, *9 (C.D. Cal. 2009) (denying ineffective assistance of counsel based on counsel sending an associate to various pre-trial hearings when "petitioner has neither alleged nor shown he was prejudiced by [associate counsel's] appearance on his behalf" (footnote omitted)).

In Ground Three(c), Petitioner asserts he was denied the effective assistance of counsel when defense counsel did not object to or challenge the prosecution's presentation of Nicole D.'s perjured testimony. (Petition at 54). However, as discussed above, Petitioner has not shown that Nicole D. testified falsely at trial. Therefore, defense counsel did not render ineffective assistance in failing to object on this ground. See, e.g., Flournoy v. Small, 681 F.3d 1000, 1006 (9th Cir. 2012) ("The failure to make an objection that would have been overruled was not deficient performance."); Sexton, 679 F.3d at 1157 ("Counsel is not necessarily ineffective for failing to raise even a nonfrivolous claim, so clearly we cannot hold counsel ineffective for failing to raise a claim that is meritless." (citation omitted)).

---

F.3d 480, 486-87 (9th Cir. 2000) (factually unfounded argument provides no basis for federal habeas relief). In any event, because the claim fails for the reasons discussed above, it is unnecessary to address these deficiencies further.

19

Finally, in Ground Three(d), Petitioner asserts defense counsel was ineffective in failing to seek a stay of proceedings to properly address and investigate "possible" out-of-court relations between the prosecutor and a Los Angeles County Sheriff's Deputy who was a witness in the case. (Petition at 54). However, Petitioner's allegations, which lack any evidentiary support, are vague, conclusory, speculative and manifestly insufficient to warrant habeas corpus relief. Greenway, 653 F.3d at 804; Sandgathe, 314 F.3d at 379; Jones, 66 F.3d at 205; see also Gonzalez v. Knowles, 515 F.3d 1006, 1016 (9th Cir. 2008) ("[S]peculation is plainly insufficient to establish [Strickland] prejudice."); Grisby v. Blodgett, 130 F.3d 365, 373 (9th Cir. 1997) (speculative claim of prejudice insufficient to satisfy Strickland standard). Accordingly, Ground Three is meritless.

## VI.
## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is DENIED and Judgment shall be entered dismissing this action with prejudice.

DATED: January 30, 2017

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE